IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | |
|---|---|
| **JOHN DOE**, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>**THE CHRIST HOSPITAL**<br><br>      Defendant. | Case No. A2204749<br><br>Judge Christian A. Jenkins<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM OR, IN THE ALTERNATIVE, TO REDACT HIS NAME AND OTHER PERSONALLY IDENTIFIABLE INFORMATION FROM ALL FILINGS HEREIN** |

Comes now Plaintiff John Doe ("Plaintiff"), by undersigned counsel, and hereby moves this honorable Court for leave to proceed pseudonymously, or in the alternative, to redact his name and other personally identifiable information from public filings.[1] The parties are engaged in ongoing discussions regarding the relief requested in this motion. Defendant Christ Hospital ("Defendant" or "Christ Hospital") has indicated that it will either file a response or notify the Court of its intention not to oppose within the time allotted by the Rules of Civil Procedure.[2] A copy of the proposed order was submitted to the Court and opposing counsel in Word format via email, a copy of which is attached hereto.

**MEMORANDUM IN SUPPORT**

I.  STATEMENT OF THE CASE AND FACTS

On December 30, 2022, Plaintiff filed a complaint and motion for temporary restraining order, supported by affidavit, alleging that Defendant installed a tracking pixel on its website that

---

[1] Plaintiff will reveal his identity to opposing counsel and the Court.

[2] Plaintiff understands that should defendant decide not to oppose this motion, Defendant would not be conceding any issue pertaining to the merits of this case.

1

transmits its patients' website activity to Facebook.[3] Complaint, ¶¶ 13-16, 68-73. The tracking pixel, which allows Facebook to view or infer protected health information ("PHI"), also transmits a website browser's unique Facebook identifier ("FID"). *Id.* at ¶¶ 68-73. The FID allows Facebook to match the PHI to a specific Facebook profile (which often includes their real name, date of birth, and phone number). *Id.* This information is used by Christ Hospital and Facebook to target Christ Hospital's patients more effectively with advertisements. *See id.*

The ultimate question in this case is whether the disclosure of Plaintiff's PHI, including the type of injury he suffered and the fact that he is Christ Hospital's patient, is a violation of state law. Plaintiff cannot vindicate his rights if he is forced to publicly disclose his identity in connection with PHI. Accordingly, Plaintiff respectfully requests that the Court allow him to proceed pseudonymously, which is the most efficient and effective way of safeguarding Plaintiff's right to privacy while balancing the public's interest in access to public records.

## II. LEGAL STANDARD

"Civ.R. 10(A) requires plaintiffs to provide their names and addresses in the captions of their complaints." *State ex rel. Cincinnati Enquirer v. Shanahan*, 166 Ohio St.3d 382, 2022-Ohio-448, 185 N.E.3d 1089, ¶ 30. However, it is within the Court's discretion to "excuse a plaintiff from identifying himself" upon a finding that the plaintiff's "privacy interests substantially outweigh the presumption of open judicial proceedings." *Id.* at ¶¶ 34, 36 (quoting *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)).[4]

---

[3] A separate motion addressing the redaction or sealing of Plaintiff's Affidavit in Support of his Motion for a Temporary Restraining Order was filed and served on December 30, 2022. Although a separate proposed order was submitted with that motion, the proposed order attached hereto would address both motions.

[4] "Sup.R. 45 does not authorize a person … to file a complaint using a pseudonym, nor does it authorize a judge to validate such a filing. The pseudonym issue therefore cannot be analyzed under the framework of Sup.R. 45." *Cincinnati Enquirer*, 166 Ohio St.3d 382, 2022-Ohio-448, at

### III. ARGUMENT

"[I]ndividuals should be encouraged to seek treatment for medical or psychological conditions, and privacy is often essential to effective treatment." *Hageman v. Southwest Gen. Health Ctr.*, 119 Ohio St.3d 185, 2008-Ohio-3343, 893 N.E.2d 153, ¶ 15. Here, the combination of Plaintiff's identity, the fact that he is Defendant's patient, that he suffered an acute physical injury requiring urgent medical care, and that he searched for Christ Hospital locations in the 45247 zip code, constitutes protected health information under state and federal law. *See* Complaint, ¶¶ 79-88, 108-110, 114. Given that Plaintiff's identity was not previously disclosed in connection with his PHI (other than without his authorization to third parties like Facebook, which is the crux of this action), the Court should not further compound Plaintiff's injury by requiring that his name be publicly disclosed in connection with this action, especially if the motion is not opposed.[5] *See, e.g., Doe v. Univ. Hosp. Health Sys., Inc.*, Cuyahoga C.P. No. CV-20-933357 (July 13, 2020) (granting unopposed motion to proceed pseudonymously in analogous case).

Plaintiff's request is narrowly tailored. Allowing Plaintiff to proceed under a pseudonym would be the most effective and efficient method for the Court to protect Plaintiff's identity and data from further disclosure. Because redactions of publicly filed documents will be largely unnecessary with the use of a pseudonym, the public will be able to view larger portions of the documents filed on the record, and the Court will not need to consider a motion to file under seal each time PHI is discussed. Moreover, because Plaintiff will disclose his identity to Defendant's

---

¶ 17.

[5] In *Cincinnati Enquirer v. Shanahan*, the Supreme Court of Ohio held that the plaintiff failed to identify a significant privacy interest served by withholding the plaintiff's name from public filings, given that the need for a pseudonym was based on unspecified and unfounded threats of retaliation. *See* 166 Ohio St.3d 382, 2022-Ohio-448, at ¶ 7. The plaintiff's identity was not otherwise protected by state or federal law and was already known to the public (including through disclosures in open court by the plaintiff's own attorney). *Id.* at ¶¶ 9-10, 40, 42.

3

counsel and/or the Court, no party will suffer prejudice. *See Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004) (holding that order allowing plaintiff to proceed pseudonymously would not hinder defendant's trial preparation).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court allow him to proceed pseudonymously, or in the alternative, to redact personally identifying information from public filings.

*/s/ Dylan J. Gould*
Terence R. Coates (0085579)
Dylan J. Gould (0097954)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, OH  45202
Phone: (513) 651-3700
Fax: (513) 665-0219
*tcoates@msdlegal.com*
*dgould@msdlegal.com*

Gary M. Klinger*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
221 West Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (847) 208-4585
*gklinger@milberg.com*

Joseph M. Lyon (0076050)
**The Lyon Law Firm**
2754 Erie Ave.
Cincinnati, Ohio 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
*jlyon@thelyonfirm.com*

Bryan L. Bleichner*
Philip J. Krzeski (0095713)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401

4

Phone: (612) 339-7300
Fax: (612) 336-2940
*bbleichner@chestnutcambronne.com*
*pkrzeski@chestnutcambronne.com*

*Counsel for Plaintiff & the Putative Class*

\**pro hac vice* forthcoming

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Motion was served via electronic mail on this 4th day of January 2023, upon Defendant and its counsel at the following email addresses:

    wposey@kmklaw.com

    matthew.shuler@thechristhospital.com

                          /s/*Dylan J. Gould*
                           Dylan J. Gould (0097954)

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JOHN DOE, | : | Case No. A2204749 |
| | : | |
| Plaintiff, | : | Judge Christian A. Jenkins |
| v. | : | |
| THE CHRIST HOSPITAL, | : | |
| Defendant. | : | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTIONS TO PROCEED PSEUDONYMOUSLY AND TO FILE AFFIDAVITS UNDER SEAL**

The Court has reviewed Plaintiff's motion to file affidavits under seal, filed December 30, 2022, and motion to proceed pseudonymously, filed January 4, 2022, and finds both well taken. Without ruling on any issue pertaining to the underlying merits of this case, the Court agrees that if Plaintiff's allegations and legal theories are found true, then the disclosure of Plaintiff's identity in connection with the PHI in the Complaint and other public filings will eviscerate the privacy rights that Plaintiff seeks to vindicate. Accordingly, the Court orders the following:

1. Plaintiff may proceed under the pseudonym John Doe in all filings other than in documents in which Plaintiff provides a sworn statement. Where Plaintiff provides a sworn statement, the document shall be filed publicly with his name and other personally identifiable information redacted, and shall also be filed in non-redacted form under seal.

2. Defendant's counsel may share Plaintiff's identity with Defendant's employees, officers, and agents as necessary to prepare a defense in this matter. However, the public disclosure of Plaintiff's identity shall violate this order.

**SO ORDERED.**

Date: _____

_____
Judge Christian A. Jenkins
Common Pleas Court Judge

1